UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SHERLIN JORGE,

                      Plaintiff,

    -v-                                          CIVIL ACTION NO. 23 Civ. 8573 (JHR) (SLC)

JAIME ARACENA and URS MIDWEST INC. d/b/a
URS AUTO,                                       **ORDER**

                      Defendants.

**SARAH L. CAVE,** United States Magistrate Judge.

      The Court is in receipt of (1) Plaintiff's Letter-Motion seeking an order compelling Defendants to produce post-deposition discovery materials (ECF No. 41 (the "Letter-Motion")); and (2) Defendants' response to the Letter-Motion (ECF No. 43 (the "Response")). Broadly, the Letter-Motion asserts that deponent Richard O'Connell testified that the truck driven by Defendant Aracena during the accident that is the subject of this lawsuit (the "Accident") was equipped with a camera and electronic logging technology capable of collecting the "real-time speed" of vehicles involved in accidents. (ECF No. 41 at 1). Plaintiff issued post-deposition demands to Defendants and now seeks "an Order directing defendants to provide a substantive response to" those requests "before the parties [sic] forthcoming May 1, 2025 private mediation." (Id. at 2).

      In the Response, Defendants state that counsel for Plaintiff failed to provide them a copy of the Letter-Motion before filing it on the docket, that they believe cameras were not installed on company vehicles until after the date of the Accident, and that they are "willing to perform a

search" for data from the company's speed-logging software. (ECF No. 42 at 1–2). They otherwise object to Plaintiff's requests as overly broad, unduly burdensome, and untimely. (Id.)

Having considered the Letter-Motion and Response, the Court orders as follows:

1. To the extent the Letter-Motion seeks a Rule 37.2 Conference, the request is DENIED for failure to comply with the undersigned's Individual Practices in Civil Cases, which require parties to meet and confer regarding any discovery dispute and specifically state that "[a]n exchange of emails or letters alone does not satisfy this requirement." See Indiv. Pracs. In Civil Cases, Magistrate Judge Sarah L. Cave, R. II.C.1, https://www.nysd.uscourts.gov/hon-sarah-l-cave.

2. By **Wednesday, April 23, 2025**, Defendants shall conduct a reasonable search for and produce (i) repair and installation records concerning the presence of a dash camera on the truck involved in the Accident and (ii) any relevant data from the Pedigree speed-tracking software equipped on the truck. Plaintiff's request is otherwise DENIED, and fact discovery is deemed CLOSED except for the purposes of conducting the search and production just described. By **Friday, April 25, 2025**, Defendants shall file a letter on the docket certifying their search for and production of the items described in this paragraph.

The Clerk of Court is respectfully directed to close ECF Nos. 41 and 43.

Dated:     New York, New York
           April 2, 2025

SO ORDERED.

*Sarah L. Cave* (signature)

2

                                                _____

**SARAH L. CAVE**
**United States Magistrate Judge**